*In re* WENTWORTH ESTATE

Docket No. 64225. Submitted March 4, 1983, at Lansing.—Decided June 17, 1983.

The Midland Probate Court, Donna T. Morris, J., entered an order fixing the inheritance tax on the estate of Roy Wentworth, deceased, on the basis that the entire net estate had been devised to Hannah V. Pierson, Wentworth's housekeeper and companion and the personal representative of his estate, as had been set forth under the terms of the will. The personal representative sought a redetermination of the inheritance tax based on the actual distribution of the estate, rather than according to the terms of the will, because Pierson had entered into an agreement with Wentworth's son, John Wentworth, to the effect that each would be a joint tenant in the estate, with rights of survivorship, subject to Pierson's life estate in the homestead if John Wentworth would not contest the will. The court found that Pierson and John Wentworth had entered into an agreement in order to avoid a will contest, that such agreements were encompassed by the statute which states that inheritance tax should be based on the actual distribution of the estate, rather than according to the terms of the will, when interested parties enter into an agreement in settlement of a will contest, and redetermined the tax according to the actual distribution of the estate. The Department of Treasury, Revenue Division, appeals insisting that an agreement "to avoid" a will contest is not "in settlement of a will contest" within the meaning of the statute and that the statute violates the title-object clause of the Michigan Constitution. *Held:*

1. There is no statutory basis for appellants' proposed distinction between agreements "to avoid" a will contest and those "in settlement" of will contests. The statute applies to any agreement designed to resolve a potential or actual will dispute. The probate court acted properly in treating the subject agreement as one in settlement of a will contest.

2. Appellant failed to raise the issue of the statute's violation

REFERENCE FOR POINTS IN HEADNOTE
[1] 42 Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 4, 71 *et seq.*

of the title-object clause in the probate court and therefore that issue will not be addressed by the Court of Appeals.

Affirmed.

Taxation — Inheritance Tax — Wills — Will Contests — Settlement Agreements.

Inheritance tax should be based on the actual distribution of the estate, rather than according to the terms of the will, where interested parties enter into an agreement designed to resolve a potential or actual will contest (MCL 700.191[2]; MSA 27.5191[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for appellant.

*Riecker, George, Hartley, Van Dam & Camp, P.C.* (by *Richard O. Hartley),* for appellee.

Before: R. B. Burns, P.J., and Bronson and R. E. Robinson,* JJ.

Per Curiam. Appellant, the Department of Treasury, Revenue Division, appeals as of right the Midland Probate Court's determination of inheritance tax due on the estate of Roy Wentworth, deceased. We find no error and affirm.

The pertinent facts are undisputed. The deceased died testate on May 9, 1981. Under the terms of his will, he left his entire estate to his housekeeper and companion, appellee Hannah V. Pierson. The only surviving heir is the deceased's son, John L. Wentworth. The will provided for the son only in the event that appellee failed to survive the deceased. On June 30, 1981, the will was admitted to probate. Accompanying the will was an agreement between appellee and John Went-

* Former circuit court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

worth to the effect that each would be a joint tenant in the estate, with rights of survivorship, subject to appellee's life estate in the homestead.

On December 22, 1981, the probate court issued an order fixing the inheritance tax on the basis that the entire net estate of $27,557.56 had gone to appellee, as had been set forth under the terms of the will. Appellee filed for a redetermination of the inheritance tax, urging that under the Revised Probate Code, MCL 700.191(2); MSA 27.5191(2), inheritance tax should be based on the actual distribution of the estate, rather than according to the terms of the will, when interested parties enter into an agreement "in settlement of a will contest". The court found that the parties had entered into an agreement in order "to avoid a will contest", held that MCL 700.191(2); MSA 27.5191(2) encompassed agreements designed "to avoid" will contests as well as those "in settlement" of such contests, and redetermined the tax according to the actual distribution of the estate.

On appeal, appellant insists that an agreement "to avoid" a will contest is not "in settlement of a will contest" within the meaning of the foregoing statute. Appellant also claims for the first time on appeal that the statute violates Const 1963, art 4, § 24, in that its effect on taxation is not expressed in its title. We find no merit in either contention.

First, we find no statutory basis whatsoever, for appellant's proposed distinction between agreements "to avoid" a will contest and those "in settlement" of will contests. Subsection (2) of MCL 700.191; MSA 27.5191 provides that the tax must be determined according to the actual distribution of the estate "where (a written) *settlement agreement*" is made part of the record of the estate before distribution. The Legislature saw fit to use

broad language which comprehends agreements made at any stage of a potential will contest. Appellant's interpretation would require the courts of this state to establish criteria for determining when a will contest has ripened to the point that it can no longer be considered "avoidable" but rather a *fait accompli* which may at best only be "settled". Notably, appellant fails to provide this Court with any meaningful criteria for making this distinction. The language of the statute certainly provides no standards in this regard. We believe that such standards are absent because the Legislature never intended to adopt the distinction proposed by appellant. Instead, the statute applies to any agreement designed to resolve a potential or actual will dispute. Accordingly, we conclude that the probate court acted properly in treating the subject agreement as one "in settlement of a will contest" within the meaning of MCL 700.191(2); MSA 27.5191(2).

In reaching this conclusion, we note that the predecessor to MCL 700.191(2); MSA 27.5191(2), the "Dodge Act",[1] specifically permitted settlement of will disputes before the will had been admitted to probate. It is apparent that under this prior law, a dispute was treated as a "will contest", which could be settled by the interested parties, even if the dispute had not yet ripened into full-scale probate litigation. Appellant does not point to anything in the legislative history which would suggest, let alone demonstrate, that the present statute should be interpreted to narrow the broad concept of "will contest" established under prior law.

Finally, we decline to address appellant's re-

---

[1] 1939 PA 288 ch II, §§ 45-49; MCL 702.45 *et seq.;* MSA 27.3178(115) *et seq.*

maining argument, that MCL 700.191(2); MSA 27.5191(2) violates the title-object clause, Const 1963, art 4, § 24. Appellant failed to raise this issue in the lower court.

Affirmed.